U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 2 5 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 3:97-CR-409-P(04) |
| ) | (3:05-CV-0182-P) |
| CONRADO HERNANDEZ-GUERRERO, ) | |
| #31313-088, ) | |
|     Defendant/Movant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court for consideration are Movant Conrado Hernandez-Guerrero's original and amended motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on January 26, 2005, and February 24, 2005, respectively.

Statement of the Case: Movant pled guilty to four counts of Use of a Communication Facility to Facilitate the Commission of a Drug Trafficking Crime in violation of 21 U.S.C. § 843(b). See United States v. Hernandez-Guerrero, 3:97cr409-P(04) (N.D. Tex., Dallas Div.). On December 8, 1998, this Court sentenced him to 48 months imprisonment for each of the four counts to run consecutively, and a one-year term of supervised release for each count to run consecutively. Id. Movant did not appeal.

He subsequently filed one prior § 2255 motion, raising two broad grounds for relief. He contended that he received ineffective assistance of counsel, and that he is entitled to a modification of his sentence because counsel failed to challenge a number of enhancements to his sentence. United States v. Hernandez-Guerrero, 3:99cv2643-P (filed on November 22, 1999). On March 23, 2000, this Court denied relief. Id. The Fifth Circuit denied him a certificate of appealability.

In this § 2255 motion, Movant challenges his sentence on the basis of the Supreme Court's recent decision in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (reaffirming holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

Analysis: 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, provide that a second or successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. See In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255).

Since Movant filed a previous motion under § 2255 which was denied, this court lacks jurisdiction to consider the present § 2255 motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this § 2255 motion should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a

successive habeas petition in the Fifth Circuit Court of Appeals).[1]

IT IS THEREFORE ORDERED that Movant's original and amended motions to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 (docket # 1215 and 1217) are dismissed without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

A copy of this order will be mailed to Conrado Hernandez-Guerrero, #31313-088, FCI Big Spring, 1900 Simler Ave., Big Spring, Texas 79720.

Signed this 25th day of May, 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[1] To obtain the requested authorization to file a successive § 2255 motion, a Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.
The Fifth Circuit recently denied a motion for leave to file a successive § 2255 motion raising a Booker claims. See In re Elwood, ___ F.3d ___, 2005 WL 976998, at *1-3 (5th Cir. Apr. 28, 2005). In so ruling, the Fifth Circuit held that the United States Supreme Court did not make Booker retroactive to cases on collateral review for purposes of a successive motion under § 2255. Id. at *3.